Cox, J.
“The question we are called upon to decide in this case grows out of the right of Robert S. Hamilton, as trustee, to mortgage certain real estate,' the powers conferred on said trustee, and stated in one of the deeds, being as follows: “To have and to hold the same to the only proper use of the said Robert S.|Hamilton, his heirs and assigns forever, in trust, for the use and benefit of Mary H. Farley for life, and after her death for the use of her surviving children, with full power, however, in said Robert S. Hamilton, to sell, lease, ■ mortgage or otherwise convey the property herein conveyed *251 without obtaining the consent of said Mary H. Farley, or her children, whenever, in his opinion, it shall be to their interest.” The clause in the other deed is stated as follows: “To have and to hold the same to the only proper use of the said Robert S. Hamilton, his heirs and assigns forever, upon trust, nevertheless, for the separate use and benefit of Mary H. Far-, ley, during her life, and after her death for the benefit of her surviving child or children, but with full power and authority in said trustee at his discretion to mortgage, to lease, or to sell the premises for the purpose of re-investment of proceeds or otherwise for the benefit of said Mary H. Farley and children, without obtaining the consent of said Mary H. Farley or children.”
In July 1872, Hamilton, as trustee, borrowed of Clark Jacobs, the defendant in error, $1,700,.giving a mortgage on-one of the tracts held by him as trustee, and on July 28,. 1887, the said trustee borrowed of the said Jacobs $448, giving a mortgage on the other tract. Jacobs brought his suits to foreclose. The cestui que trust denied the allegations contained in the petitions. Hamilton, trustee, answers setting up usury, and says that said note and mortgage does not express corretly the real state of facts in the case.
The cases were consolidated. It would be difficult to construct a trust with fuller powers in the trustee and still leave-any trust, than are in these deeds, and this was evidently the intention of the party at the time the trusts were created •; for it appears that the trustee, Hamilton, purchased this property with his own funds, and created this trust in favon of his daughter Mary H. Farley and her children. It appears that up to the time of the giving of these mortgages, the cestui que trust had no knowledge of these trusts. This, of course, could not affect the validity of the trusts, but the question is, what were the powers of the trustee, and what were the duties of the person dealing with the trustee in regard to the trust ? The powers of the trustee are almost what they evidently intended they should be — unlimited. Without notice to the cestui que trust he could sell, mortgage, or lease, whenever he thought it to their interest in the one deed, and for the purpose of re-investing in the other. A *252 party dealing with a trustee has the right to deal with him in accordance with the powers contained in the instrument creating the trust. If the party creating the trust imposes confidence in the trustee, and gives him general powers, it is not the duty of the party dealing with him to distrust him, and treat him as though his powers were limited. And if any loss should result to the trust estate by reason of the act of the trustee while acting within his powers, it should be borne by him who created the trust and imposed the confidence. This, certainly, is equity.
8. A. Miller, for plaintiff in error.
Champion & Williams, for defendant in error.
It is very doubtful whether anything short of fraud on the part of Jacobs, or his agent, dealing with the trustee, could prevent his recovery in this action. He must recover if he, dealt with him without any knowledge as to what he was going to do with the money; or, if he was informed by the trustee that the money was borrowed for the benefit of the cestui que trust.
In regard to this matter evidence was offered by both sides in the court below. We have considered this evidence carefully and, without going over it in detail, we think that the finding of the court below is in accordance with the evidence ; it is contradictory, but the probabilities are entirely with Jacobs’ evidence. He loans money, the only consideration for which is the interest to be received. He wants proper security. He does not seek the loan, but is importuned to make' it. It is improbable and against reason that Jacobs, when he made this loan, should have known, or even supposed, that Hamilton, the trustee, in borrowing his money, was not doing it under the powers given in the deed of trust, and for the benefit of the cestui que trust. The judgment of the Superior Court was for defendant. As I have said, we think the judgment of the court below is in accordance with the evidence; it clearly is not against the evidence, which would be the only grounds o^n which we would be justified in reversing it. The judgment will therefore be affirmed, with costs.
(Judgment of Circuit Court affirmed by Supreme Cpurt without report Nov. 16, 1889.)